# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| CLUB CAR WASH OPERATING, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 26-04035-CV-C-BP |
| | ) |
| STEVEN KIRSNER, | ) |
| | ) |
| Defendant. | ) |

## ORDER

On February 12, 2026, Defendant removed this action to federal court. (Doc. 1.) The Court has considered the Notice of Removal and directs Defendant to file an Amended Notice of Removal that provides the Court with information necessary to confirm that federal jurisdiction is present.

The Court is under an independent obligation to confirm that jurisdiction is proper. *E.g., FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990); *Reece v. Bank of New York Mellon*, 760 F.3d 771, 777 (8th Cir. 2014). The proponent of federal jurisdiction (here, Defendant) must demonstrate that it exists, *e.g, Moore v. Kansas City Public Schools,* 828 F.3d 687, 692 (8th Cir. 2016), and this should be done in the Notice of Removal. 28 U.S.C. § 1446(a) (Notice of removal should include "a short and plan statement of the grounds for removal . . . ."). However, the Notice of Removal simply states that "there is complete diversity of citizenship between the parties and the amount in controversy is greater than $75,000." (Doc. 1, ¶ 6.) This is insufficient.

Plaintiff was not obligated to plead facts establishing federal jurisdiction because it filed the case in state court; nonetheless, the Court has reviewed the Petition filed in state court to see if it establishes federal jurisdiction. Arguably, its request for punitive damages on Count III (for misappropriation of trade secrets) demonstrates that more than $75,000 is in controversy.

However, the Petition does not establish diversity of citizenship. It alleges Defendant is a resident of Texas, but alleging that a person is a "resident" of a state does not allege that person's citizenship. *Reece v. Bank of New York Mellon*, 760 F.3d 771, 777-78 (8th Cir. 2014) ("The allegation that Reece was an Arkansas 'resident' is inadequate" to establish citizenship.). It also alleges that Plaintiff is a Delaware LLC with a principal place of business in Missouri, but this does not establish Plaintiff's citizenship. An LLC is a citizen of every state in which its members are citizens. *E.g., OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Therefore, the Court has no basis for concluding it has jurisdiction in this case.

Defendant shall file an Amended Notice of Removal within seven days that properly alleges a basis for the Court's jurisdiction.[1] There is no need for the Amended Notice of Removal to include the attachments previously provided.

**IT IS SO ORDERED.**

Date: <u>February 13, 2026</u>

<u>/s/ Beth Phillips</u>
BETH PHILLIPS, JUDGE
UNITED STATES DISTRICT COURT

---

[1] With the case in federal court, Plaintiff is now required to "name—and identify the citizenship of—every individual or entity whose citizenship is attributed to" it, and it must do so "with its first appearance, pleading, petition, motion, response, or other requested addressed to the court." Fed. R. Civ. P. 7.1.